UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 5:22-CR-1442-3 |
| | § |
| DIEGO ISMAEL MUNOZ | § |

## NOTICE OF PLEA AGREEMENT

COMES NOW the United States of America, hereinafter referred to as "the Government," by and through its United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, and would respectfully show the Court that the Government and the Defendant have entered into the following plea agreement:

1. Defendant agrees to:

    a. plead guilty to Count 1 of the Indictment;

    b. waive the right to appeal or "collaterally attack" the conviction and sentence after the judgment of conviction has become final, pursuant to Title 28, United States Code, Section 1291, Title 18, United States Code, Section 3742, and Title 28, United States Code, Section 2255, except that the Defendant does not waive those rights with respect to claims of ineffective assistance of counsel;

    c. make a judicial confession to the crime charged and sign a stipulation of factual statements all contained in a contemporaneously filed or previously filed "Stipulation of Fact".

    d. to waive any and all interest in all firearms and to the judicial or administrative forfeiture of those assets seized in connection with the case, including but not limited to the firearms listed in the indictment. Defendant agrees to waive any and all procedural notice requirements for forfeiture.

2. The Government:

    a. will move to dismiss any remaining counts of the Indictment at the time of sentencing;

    b. if the Court determines that Defendant qualifies for an adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of Section 3E1.1(a) is 16 or greater, will move under Section 3E1.1(b) for an additional one-level reduction because

Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

If the Defendant is not a citizen of the United States of America, a plea of guilty may result in removal from the United States, denial of citizenship and denial of admission to the United States in the future. If the Defendant is a naturalized United States citizen, a plea of guilty may result in denaturalization.

This document states the complete and only Plea Agreement between the United States of America and the Defendant, and is binding only on the parties to this Agreement, and it supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing and signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the Defendant in connection with this case, nor have any promises or threats been made in connection with this plea.

## ACKNOWLEDGMENTS:

I have read this agreement and carefully reviewed every part of it with my attorney. If I have difficulty understanding the English language, I have had a person fluent in the Spanish language interpret this agreement to me.

Date: 1-3-23          Defendant: _____

I am the Defendant's counsel. I have carefully reviewed every part of this agreement with the Defendant. I certify that this agreement has been translated to my client by a person fluent in the Spanish language if my client is unable to read or has difficulty understanding the English language.

Date: 1/3/2023

J. Alberto Alarcon
Counsel for Defense

For the United States of America:

ALAMDAR S. HAMDANI
United States Attorney

Mark A. Hicks
Assistant United States Attorney